# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ANTONIO WHEELER,**

           **Plaintiff,**

**-vs-**                                            **Case No. 6:07-cv-1287-Orl-22DAB**

**CITY OF ORLANDO and PETER LINNEKAMP,** *in his individual capacity*,

           **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO QUASH OR MODIFY SERVICE AS TO THE NOTICE OF PRODUCTION FROM NON-PARTY AND SUBPOENA DUCES TECUM WITHOUT DEPOSITION AND MOTION FOR PROTECTIVE ORDER AS TO NOTICE OF PRODUCTION FROM NON-PARTY AND SUBPOENA DUCES TECUM WITHOUT DEPOSITION (Doc. No. 22)**
>
> **FILED:** October 26, 2007
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Antonio Wheeler is suing the City of Orlando (the "City") and Orlando Police Department officer Peter Linnenkamp, for claims arising from his arrest. Wheeler alleges that he was strapped to a gurney and, in an attempt to force Wheeler to submit to catheterization, was repeatedly

tasered. Doc. No. 2. On October 15, 2007, Defendant Peter Linnekamp[1] served a notice of production from non-party and enclosed his subpoena duces tecum without deposition, intending it to be served upon mental health physicians Alan S. Berns, M.D., Daniel P. Tressler, Psy.D. and Jeffery A. Danziger, M.D. (the "Physicians"). In the subpoena, Defendant seeks to receive from Physicians all records pertaining to the mental health treatment and/or evaluation of Wheeler. Doc. No. 22 at 8- 27.

On October 26, 2007, Wheeler filed his Motion to Quash the Notice of Production from Non-Party and Subpoena Duces Tecum without Deposition or, in the alternative, sought to narrow the scope of the subpoena to exclude from discovery documents in the possession of Alan S. Berns, M.D., Daniel P. Tressler, Psy.D. and Jeffery A. Danziger, M.D. Doc. No. 22. Wheeler contends these documents are protected by work-product and the psychotherapist-patient privilege[2], and the requests are irrelevant, overbroad and burdensome. Wheeler in his objection also requests a protective Order against further discovery of work-product or psychotherapist-patient privileged documents from these Physicians.

According to Defendants, during the course of the proceedings in the state criminal case[3], the issue of Antonio Wheeler's mental competency was raised. Doc. No. 26 at 2. On December 9, 2005, the Ninth Judicial Circuit Court in the case issued an Order requiring Wheeler to undergo a court-ordered examination for the purpose of determining competency. Doc. No. 26 at 2. Defendants represent that the state court issued an order appointing experts Alan S. Berns, M.D. and Daniel P.

---

[1] For purposes of this litigation Defendant City of Orlando joined in Defendant Linnekamp's request for production of the documents.

[2] Wheeler's counsel represents that he does not have copies of the requested documents, and he is unable to identify privilege on a document by document basis. Doc. No. 22 at 3.

[3] Felony Case No. 48-2005-CF-2964-O in the Ninth Judicial Circuit Court.

Tressler, Psy.D. for the purpose of conducting those evaluations. *Id*. On March 22, 2006, the state court appointed Dr. Jeffery A. Danziger to perform a third competency evaluation. *Id*. As such, Defendants argue, Wheeler had no expectation of privacy in his communications with the Physicians for the court-ordered competency examinations, which are specifically excepted from privilege by Florida Statute § 90.503(4)(b).

Although Wheeler contends in arguing for work-product protection that these Physicians were "employed by court order *and/or defense counsel* in preparation for litigation" in the prior criminal litigation and that "Wheeler's criminal counsel requested medical evaluation in anticipation of criminal litigation," he does not dispute that the examination was conducted based on the court order; there is no argument that Wheeler was "treated" by these Physicians other than for the court ordered examination. Doc. No. 22 at 3-4. Moreover, there is no evidence or supported representation in the record that the Physicians were employed as consultants by Wheeler's criminal defense counsel in the underlying criminal action. Wheeler further argues that "his mental state for purposes of his competence to stand trial" is not at issue in this § 1983 litigation and this taser/catheterization false-arrest case differs from the "typical emotional distress [alleged] in a false arrest claim." Doc. No. 22 at 5-6.

Wheeler moves to quash the subpoenas under Federal Rule of Civil Procedure 45(c)(3)(A), which requires a subpoena to be quashed or modified if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." FED.R.CIV.P. 45(c)(3)(A)(iii). The term "privileged" refers to protections afforded by the rules of evidence. *See United States v. Reynolds*, 345 U.S. 1 (1953); *Southern Ry. Co. v. Lanham*, 403 F.2d 119, 134 n.15 (5th Cir. 1968) (privileges

referred to in the discovery rules correspond to those in the rules of evidence). Federal Rule of Evidence 501 provides in pertinent part:

> The privilege of a . . . person . . . shall be governed by principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, [or] person . . . shall be determined in accordance with State law.

Fed.R.Evid. 501. The Eleventh Circuit (and other appellate courts) have held that the federal law of privilege applies to all claims in a federal question case, even if the testimony is relevant to a pendent state law count. *See, e.g., Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992). The federal common law recognizes a psychotherapist-patient privilege in accordance with the United States Supreme Court's decision in *Jaffee v. Redmon*, 518 U.S. 1, 15 (1996) (holding that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501).

However, in *Jaffe*, Justice Scalia in dissent explicitly noted that states like Florida had enacted certain exceptions to the psychotherapist-patient privilege, and specifically cited as an example Florida Statute § 90.503(4)(b). *See id*. at 34 n.15 (Scalia, J., dissent). Under Florida law, there is no psychotherapist-patient privilege for any "communications made in the course of a court-ordered examination of the mental or emotional condition of the patient." *See* FLA. STAT. § 90.503(4)(b); *cf. Viveiros v. Cooper,* 832 So. 2d 868, 869 (Fla. 4th DCA 2002) (petitioner's substance abuse treatment as part of plea agreement in prior criminal proceeding did not constitute part of a "court-ordered examination" and records were protected by privilege in subsequent civil action). The Statutory Notes following § 90.503(4)(b) state:

> Florida Rule of Crim. Pro. 3.210 permits a trial court, inter alia, upon its motion or that of defense counsel, to conduct a hearing to determine a criminal defendant's mental

> condition. . . . These rules, respectively, prevent the trial of a defendant unable to assist in his own defense. . . . To allow a claim of privilege to attach to these examinations would frustrate the purpose of the examinations. . . . [A]ny matters outside the scope of the examination, *i.e.*, the question of the defendant's sanity, are not within the exception and are privileged.

Fla. Stat. § 90.503(4)(b). Here, it is undisputed that Wheeler's examination by the Physicians was court-ordered to determine his competency to stand trial, which falls squarely within the exception to the psychotherapist-patient privilege.

Defendants further contend that the information sought cannot be work-product of this civil-rights litigation under Federal Rule of Civil Procedure 26(b)(3) which was "prepared in anticipation of litigation" because the competency examinations and evaluations were performed more than a year ago, well before Wheeler filed his § 1983 suit. The competency examination was conducted in response to an order of the state criminal court, and there is nothing in the record to conclude that the Physicians were retained by Wheeler's attorneys. Defendants also argue that, even if the Physicians' records were privileged, Wheeler has waived such privilege by seeking damages for "mental suffering, embarrassment," and "severe emotional distress." *See* Doc. No. 26 at 4 (citations to Wheeler's Complaint).

Wheeler has asserted a claim for Intentional Infliction of Emotional Distress (Doc. No. 2 ¶¶ 47-55), which puts his mental health directly into controversy; thus, waiving the psychotherapist-patient privilege. The Court of Appeals for the Eleventh Circuit has yet to address the issue of when a party has waived the psychotherapist-patient privilege, and few cases in the Eleventh Circuit have discussed the matter in detail. *See, e.g., Stevenson v. Stanley Bostitch, Inc.,* 201 F.R.D. 551, 556-57 (N.D. Ga. 2001) (citing cases which distinguish between cases presenting a "garden variety claim of emotional distress" which do not waive the privilege and cases where a patient's psychiatric condition

is at issue and justifies a waiver). "Most courts to encounter the question have determined that a party waives the privilege by placing his mental condition 'at issue,' . . . such as by claiming unusually severe emotional distress or asserting a tort claim for intentional infliction of emotional distress." *Dominguez-Silva v. Harvey*, 2006 WL 826091, *1-2 (N.D. Ga. March 23, 2006) (psychotherapist-patient privilege waived where plaintiff asserted a claim for intentional infliction of emotional distress) (citing *Stevenson,* 201 F.R.D. at 554, 557 (plaintiff put her mental condition in controversy by bringing a tort claim for intentional infliction of emotional distress, which waived privilege)). "This approach is sound, because it appropriately considers the importance of the psychotherapist privilege and its purpose of promoting successful psychiatric treatment by encouraging confidence and trust within the psychotherapist-patient relationship. . . It also gives the plaintiff, as master of his Complaint, clear guidance on what claims or allegations will operate to waive the privilege." *Dominguez-Silva*, 2006 WL 826091, *1-2. Wheeler has waived the psychotherapist-patient privilege by asserting a claim for Intentional Infliction of Emotional Distress.

To the extent Plaintiff has privacy concerns regarding releasing this information, such can be resolved by a confidentiality stipulation between the parties. Defendants' use of the information will be limited to this case.

**DONE** and **ORDERED** in Orlando, Florida on November 30, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record