**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANTONIO WHEELER,**

                **Plaintiff,**

**-vs-**                                                  **Case No. 6:07-cv-1287-Orl-35DAB**

**CITY OF ORLANDO and PETER**
**LINNEKAMP,** *in his individual capacity*,

                **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANT PETER LINNEKAMP'S MOTION TO COMPEL SOCIAL SECURITY AUTHORIZATION FOR RELEASE OF INFORMATION (Doc. No. 36)**
>
> **FILED:** October 29, 2008
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Antonio Wheeler is suing the City of Orlando (the "City") and Orlando Police Department officer Peter Linnekamp, for claims arising from his arrest. Wheeler alleges that he was strapped to a gurney and, in an attempt to force Wheeler to submit to catheterization, was repeatedly tasered. Doc. No. 2.

On September 8, 2008, the Defendant served his Third Request to Produce to the Plaintiff. The Request to Produce consisted of three items and sought executed authorizations for release of various tax and Social Security Administration information regarding the Plaintiff. Defendant requested: "2.

The executed original of the attached Consent for Release of Information from the Social Security Administration, Form SSA-3288;" the Form SSA-3288 had previously been completed by defense counsel, with the exception of the Plaintiff's signature, and attached to the Request.

Defendant sought release of "Information about benefits/payment [the Plaintiff] received from 03/01/1987 to present [and] . . . Medicare claim/coverage from 03/01/1987 to present," and "applications for disability." Doc. No. 36. On October 15, 2008, the Plaintiff served his Response to the Request to Produce, objecting to providing the request for Social Security Earnings Information Form (SSA-3288) "as Plaintiff will no longer be seeking loss of economic or loss of income damages for the past of in the future." Doc. No. 36. Defendant again contacted Plaintiff on October 22, 2008 to request that Plaintiff provide the executed Form, arguing the information sought was not related to lost income or similar damages and was directly relevant to the Plaintiff's claimed damages.

Defendant does not seek information regarding payments made to the Plaintiff, but rather whether the Plaintiff has applied for any disability, the basis of the application, and whether the application was granted. Doc. No. 36. Defendant is seeking social security information regarding Plaintiff's alleged "physical inconvenience, physical discomfort and pain, medical expenses, …mental suffering and humiliation, disgrace and injury to his reputation, the emotional and physical aspects which are continuing to this day and are likely to continue into the future." Doc. No. 36.

Plaintiff contends that Defendant's Motion should be denied because Defendant is seeking to receive from Plaintiff "blanket authority" to request all available information from the Social Security Administration, including monthly social security benefit amount, monthly supplemental security income payment amount, information about benefits/payments received and Medicare claim/coverage from March 1, 1987 to present, and records from applications for disability. Doc No. 38. Plaintiff

contends that none of these categories of information remotely relates to any of Plaintiff's claims for damages, and Defendant already has Plaintiff's medical records. Doc. No. 38. Plaintiff also argues that Defendant is "merely trying to harass and annoy Plaintiff with his irrelevant requests." Doc. No. 38. Defendant clarifies that he is not seeking the *amount* of any disability payments.

Defendant is entitled to discovery of "any matter, not privileged, which is relevant to the subject matter involved in the pending action." FED. R. CIV. P. 26(b)(1). However, there is a higher burden involved in seeking the release of social security records under the Social Security Regulations, as thoroughly explained by the court in *Mason v. South Bend Community School Corp.,* 990 F.Supp. 1096 (N.D. Ind. 1997):

> 20 C.F.R. § 401.100, which addresses disclosure of official records and information held by the Social Security Administration, states, inter alia, "Except as permitted by the Privacy Act and the regulations in this chapter, or if required by the FOIA, we will not disclose your record without your written consent." This regulation sets forth a general rule – Social Security does not disclose people's records without their written consent – that is subject to certain exceptions including the Privacy Act, the FOIA and other regulations. In light of this general rule, the party requesting the records bears the burden to show that release of the records without the written consent of the subject of the records is authorized under applicable law.
>
> 20 C.F.R. § 401.180[1] – similar to § 401.100 – directly addresses the disclosure of official records and information held by Social Security and specifically explains the Privacy Act's impact on Social Security's policies:
>
>> The Privacy Act allows us to disclose information when we receive an order from a court of competent jurisdiction. However, much of our information is especially sensitive. Participation in social security programs is mandatory, and so people cannot limit what information is given to SSA. When information is used in a court proceeding, it usually becomes part of a public record, and its confidentiality cannot be protected. Therefore, we treat subpoenas or other court orders for information under the rules in paragraph (b) of this section. . . .

---

[1] Although the language of 20 C.F.R. § 401.180 has been amended, the court's description is equally applicable under the amended statute.

-3-

> > (b) We generally disclose information in response to a subpoena or other court order if-
> > (1) Another section of this part would specifically allow the release; or
> > (2) The Commissioner of SSA is a party to the proceeding; or
> > (3) The information is necessary for due process in a criminal proceeding.
>
> > In other cases, we try to satisfy the needs of the courts while preserving confidentiality of information.
>
> § 401.180 therefore creates certain circumstances where Social Security will disclose information pursuant to a subpoena or court order. While recognizing the validity of the provision of the Privacy Act which SBCSC relies upon, § 401.180 adds another hurdle by creating a presumption against disclosure in circumstances other than those enumerated. The second sentence of § 401.180(b)(3) does not authorize the release of the records for use in civil cases, but indicates that Social Security will try to meet the dual goals of assisting the court and preserving the confidentiality of the records. Although it is difficult to imagine how Social Security's conduct in this case could be viewed as an attempt to satisfy the needs of the court, *it is equally difficult to read § 401.180(b)(3) as giving Social Security employees carte blanche to disclose records-much less mandating such disclosure-in every instance where a court issues an order compelling production and compliance.*
>
> SBCSC has not shown that it has the right – or that the court has the power – to compel the production of Ms. Mason's Social Security records without her signing a release. Conversely, Social Security has provided ample authority to convince the court that Social Security's regulations generally do not authorize the release of such records upon order of a court, even a federal court, in the absence of a special circumstance as defined by the statutes and regulations.

*Id.* at 1097-98.

Defendant has not met the burden to show his entitlement to Plaintiff's social security and/or disability records. The cases cited by Defendant are inapposite. In *Morris v. Arizona Beverage Co., L.L.C.*, No. 03-60907, 2004 WL 5333303, *1 (S.D. Fla. Feb. 13, 2004), although the court ordered the plaintiff to sign a release for production of his social security records, it was in the context of an age discrimination case in which the plaintiff was seeking economic damages of front pay, back pay, and future earning capacity. *See Morris v. Arizona Beverage Co., L.L.C.*, No. 03-60907, 2004 WL 5333301 (S.D. Fla. June 8, 2004), *aff'd*, 126 Fed. Appx. 941 (11th Cir. 2005). In the second case

cited in support by Defendant, *Thai v. Miller Truck Lines, Inc.*, No. CIVA 05-1958, 2006 WL 2349605, *2 (W.D. La. Aug. 11, 2006), the court found that defendants were entitled to obtain the authorizations for the release of the plaintiff's social security disability and social security earnings records because "the information covered by these authorizations [was] directly relevant to plaintiff's claims for damages, including his claims for loss of earning capacity and lost future wages, and the court perceives no undue burden on Plaintiff in executing those releases." *Id*.

Plaintiff is not seeking any economic damages for lost wages or earning capacity, thus, social security information is not relevant for those purposes. Plaintiff's medical records have already been produced, and such records would indicate Plaintiff's "physical inconvenience, physical discomfort and pain, medical expenses, . . . mental suffering . . . and the emotional and physical aspects" of his injuries. Thus, Defendant already has this information and the social security records would be duplicative under these circumstances.

**DONE** and **ORDERED** in Orlando, Florida on December 3, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record